UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 19, 2018

LETTER TO COUNSEL

      RE:    *Jevonda P. v. Commissioner, Social Security Administration*;[1]
              Civil No. SAG-18-422

Dear Counsel:

On February 12, 2018, Plaintiff Jevonda P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits on April 9, 2014, alleging a disability onset date of November 5, 2012. Tr. 182-94. Her claims were denied initially and on reconsideration. Tr. 119-23, 129-32. A hearing was held on December 5, 2016, before an Administrative Law Judge ("ALJ"). Tr. 35-66. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-34. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Plaintiff suffered from the severe impairments of fibromyalgia, knee contusions, and congestive heart failure. Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to occasional climbing of stairs or ramps, stooping, kneeling, balancing, and crouching but she can never crawl or climb ladders, ropes, or

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>   scaffolds. Additionally, the claimant should avoid concentrated exposure to hazards including unprotected heights, uneven terrain, and dangerous machinery.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. Tr. 27-29.

In support of her appeal, Plaintiff advances several arguments: (1) that the ALJ erred in evaluating her subjective complaints of pain; (2) that the ALJ failed to consider her combination of impairments; (3) that the ALJ ignored her non-severe mental impairment; and (4) that the ALJ assigned insufficient weight to the opinion of her treating physician, Dr. Goldberg. Each argument lacks merit for the reasons discussed below.

First, Plaintiff asserts that the ALJ relied solely on a lack of objective medical evidence to discredit her subjective complaints of disabling pain and other symptoms. ECF 17-1 at 3-6. However, in contrast, the ALJ made specific findings based on Plaintiff's subjective reporting. For example, as to Plaintiff's memory, the ALJ contrasted her subjective reports of memory problems with her performance during testing and examination. Tr. 22. Similarly, as to Plaintiff's subjective reports of difficulty getting along with others, the ALJ noted Plaintiff's ability to work at various jobs after her alleged onset date, and her ability to relate well to examiners. *Id.* The ALJ also cited to Plaintiff's reported activities of daily living, including maintaining personal hygiene, cooking, driving, cleaning, caring for her children, working, styling hair, and singing. Tr. 23, 27. Thus, the ALJ appropriately considered Plaintiff's subjective statements, in addition to the objective results from her medical examinations, to determine her condition. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

Plaintiff argues that the ALJ failed to consider her impairments of fibromyalgia and congestive heart failure in combination, arguing that the report from Dr. Mathur considered only fibromyalgia, not congestive heart failure. ECF 17-1 at 9-10. While Plaintiff is correct that the formal diagnosis of congestive heart failure appears to have occurred almost two years after Dr. Mathur's assessment, Dr. Mathur assessed Plaintiff's physical condition as of the time of his evaluation, and the ALJ's notes also discuss the results of later physical examinations around the time of the congestive heart failure diagnosis. Tr. 26. The fact that additional evidence was added to the record after Dr. Mathur's examination does not invalidate the results of his examination as of the time he completed it. Moreover, the ALJ adequately explained why she did not add additional restrictions as a result of the congestive heart failure diagnosis. Tr. 26 (citing "the normal physical examination and improved condition noted in the treatment notes.").

Plaintiff next contends that, after determining that her mental impairments of depression and anxiety were non-severe, the ALJ failed to consider limitations relating to those impairments in her RFC assessment. ECF 17-1 at 10-11. However, the ALJ expressly considered and made a finding relevant to Plaintiff's mental conditions: "The claimant's lack of treatment with a mental health specialist along with independent medical examinations suggest her depression and anxiety are not severe impairments and do not restrict her ability to work." Tr. 27. In support of that contention, the ALJ cited to exhibits 7F and 13F, which are mental health consultative evaluation reports finding relatively minor symptoms. *See, e.g.,* Tr. 493 (noting Plaintiff "seems able to understand, learn and retain information. She can follow simple and some complex instructions. Social interaction was good to fair."); Tr. 590 (noting Plaintiff's ability to do "serial 7s," recall items after five minutes, and process a three step command correctly, and finding "[w]ith good support – medication and therapy prognosis for a psychiatric gradual recovery is favorable."). In light of the evidence cited by the ALJ, and the lack of any significant mental health treatment in the record, the ALJ appropriately assessed Plaintiff's mental limitations in considering her RFC assessment.

Finally, Plaintiff also contends that the ALJ assigned insufficient weight to an opinion from her treating physician, Dr. Goldberg. ECF 17-1 at 11-14. Dr. Goldberg's opinion is rendered as one part of the "plan" section of his treatment notes, and is not a freestanding opinion addressed to the SSA. Tr. 656. In relevant part, Dr. Goldberg states, "At this point, I do not see the ability for the patient to return to work full-time given her heart failure and probable cardiomyopathy. She will need her carvedilol escalated in the future and will need extremely close monitoring both medically and from a cardiovascular perspective." *Id.* The ALJ stated, "The undersigned gives little weight to these opinions because they are not supported by specific restrictions that would preclude full time work. Additionally, they are inconsistent with the normal physical examination and improved condition noted in the treatment notes. Furthermore, the determination of disability is reserved for the Commissioner of the Social Security Administration." Tr. 26. Plaintiff objects to the characterization of Dr. Goldberg's opinion as inconsistent with the treatment notes, and suggests that Dr. Goldberg did not make a "determination of disability." ECF 17-1 at 11-14. While Plaintiff is able to excerpt some notes from Dr. Goldberg's report that might lead to a different conclusion, the notes stated that Plaintiff's congestive heart failure is "improved and stabilized," Tr. 656, and indicate that she "actually was trying to exercise and felt an improvement after an initial low dose" of medication. Tr. 655. The findings on physical examination were essentially normal. *Id.* In light of those findings, I cannot conclude that the ALJ's characterization of the record was erroneous.

Moreover, the ALJ is not required to give controlling weight to medical opinions on the ultimate issue of whether a claimant is "disabled or unable to work." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (internal quotations omitted); *Sharp v. Colvin*, 660 Fed. App'x 251, 256-58 (4th Cir. 2016) (unpublished) (affirming ALJ's rejection of doctor opinion that claimant could not maintain a routine work schedule, because that determination is reserved for the ALJ and the opinion was inconsistent with other evidence). Here, the ALJ was not bound by Dr. Goldberg's opinion that Plaintiff was "precluded from full time work," and the ALJ cited the

lack of specific work-related restrictions and the inconsistency with examination notes. Tr. 26. Therefore, the ALJ's assessment of Dr. Goldberg's opinion was proper.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 17, is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge